**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PHILLIP WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-CV-356 SRW |
| | ) | |
| CO UNKNOWN BUTLER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the civil complaint and motion for leave to commence this action without prepayment of the required filing fee of pro se plaintiff Phillip Washington. Plaintiff filed his civil complaint on March 25, 2022, against defendant C.O. Unknown Butler, a Correctional Officer at Tate County Jail in Senatobia, Mississippi. Plaintiff filed an amended complaint on August 4, 2022, indicating that defendant's full name is James Butler, Jr.

According to the amended complaint, plaintiff is currently incarcerated at Eastern Reception Diagnostic Reception Center (ERDCC) in Bonne Terre, Missouri. Defendant James Butler works at the Tate County Jail in Senatobia, Mississippi. Plaintiff alleges that he was incarcerated in Tate County Jail in July of 2021. He claims that he was maced and tased and cut on his thumb. Plaintiff, however, does not provide contextual meaning to his injuries, stating only that there was an altercation during his incarceration; however, he does not state who the altercation was with or how it began. Indeed, although plaintiff names Mr. Butler as a defendant in this action, he does not claim that Mr. Butler was the individual who used force against him. Plaintiff asserts, "I was assaulted by staff between July 25th and July 27th. I really can't remember, but I wanted to address it with someone." Inexplicably, plaintiff then claims that his thumb was bandaged by medical on July 23rd at the Tate County Jail, apparently prior to the assault.

Plaintiff requests monetary damages in this action.

**Discussion**

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

Plaintiff has alleged no basis for venue being proper in this Court. It is evident that the acts giving rise to the events plaintiff refers to in his complaint occurred in Tate County, Mississippi. Plaintiff makes no allegation of an act or omission occurring within the jurisdictional boundaries of this Court, nor does plaintiff allege that the defendant resides within this district. None of the requirements of § 1391 are present in this case. Accordingly, venue in the Eastern District of Missouri is not proper.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought.

In this case, transfer of this action to the proper venue in Mississippi (the Northern District of Mississippi) would only lead to eventual dismissal of this action, as plaintiff indicates in his complaint that he is unsure of who used force against him. Moreover, although he has named Correctional Officer Butler as a defendant in this action, he has not brought any allegations against defendant Butler in this action. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017) (liability in a 42 U.S.C. § 1983 case is personal, requiring a causal link to, and

direct responsibility for, the deprivation of rights). Because transfer would be pointless, the Court will dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED FOR LACK OF PROPER VENUE**. *See* 28 U.S.C. §§ 1391, 1406(a).

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED AS MOOT**.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 25th day of August, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE